Hon. C. Voorhies,
Hon. A. M. Buchanan,　} *Associate Justices.*
Hon. J. N. Lea,
Hon. H. M. Spofford,

---

### Goodloe & Co. *v.* Rogers.

The rule for the measure of damages for the inexecution of contracts, is found in Art. 1928 C. C.

The rules of the civil and the common law, as to the measure of damages for breach of contracts, do not differ materially.

The principles of the cases of *Lobdell* v. *Parker*, 3 L. R., 832, and *Rugely* v. *Goodloe*, 7 An. R., re-affirmed.

One who has sustained loss and damage by the defective manner in which a contract for the erection of a sugar mill and engine has been executed, is entitled to a privilege on the mill and engine erected for the reimbursement of his losses.

APPEAL from the District Court of St. Landry.

*T. H. Lewis* and *Porter*, for plaintiffs and appellants. *Swayze & Porter* and *Dupré & King*, for defendant.

Buchanan, J. The contract of plaintiffs was to build and put in operation on the plantation of defendant, a sugar mill and steam engine. The contract was made on the 8th January, 1849, and the plaintiffs agreed to deliver the mill and engine at the Plaquemine Landing on or before the 18th June, 1849. On his part, the defendant bound himself to haul the said machinery to his sugar-house ; to furnish the necessary brick work and timber for putting up said machinery, and a suitable number of hands to assist in putting up the same, within thirty days from the delivery of the same at Plaquemine.

The law of Louisiana on the measure of damages for the inexecution of contracts, is found in Arts. 1928, 2294, 2295 and following of the Civil Code.

"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." Art. 2295.

"When the object of the contract is anything but the payment of money, the damages due to the creditor for its breach, are the amount of the loss he has sustained and the profit of which he has been deprived, under the following exceptions and modifications:

1st. When the debtor has been guilty of no fraud or bad faith, he is liable only for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract." C. C. 1928.

It appears to us evident that it entered into the contemplation of the plaintiffs as well as of the defendant, that the sugar mill and steam engine in question were to grind the crop of sugar cane of 1849 on the defendant's plantation. The plaintiffs were extensive manufacturers of these articles in Cincinnati for the Louisiana market, and the contract was made by *James Goodloe* in person, on a plantation in Opelousas.

This being conceded, it follows that the parties must have contemplated that the making of the crop of 1849 might be delayed or frustrated by a failure to fulfil the contract. The damage therefrom resulting, might, therefore, amount to the total loss of the crop, or to a partial loss.

For such loss we consider the plaintiffs, under their contract, would be liable, according to the law cited.

Applying this law to the facts of this case, we find it in proof:

1st. That plaintiffs were guilty of negligence in executing their contract, by making a right hand engine instead of a left hand engine, which their written contract called for.

2d. That they failed to execute their contract, in this, that the castings had defects, which caused breakage, when the mill was put in operation.

3d. That the plaintiffs were guilty of want of skill, in putting up the sugar mill out of line, by which it was strained and broken.

4th. That the alterations and repairs, necessary for changing the engine from right hand to left hand, and for repairing the breakage, &c., caused a delay of twenty-one days, in the grinding of defendant's crop.

5th. That defendant was compelled to windrow his crop, to preserve it from the frost, by reason of the above delay; occasioning a deficiency of sugar, estimated by witnesses at from ten to forty per cent. of the crop.

6th. That defendant paid, in consequence of the delay, twenty-one days extra wages of six hired hands, at $1 per day each, as well as extra time of an engineer.

Under the law and evidence, we consider the defendant entitled to recover damages for his loss of crop, and extra wages paid, in consequence of the delay for alterations and repairs, in putting the sugar mill and steam engine in operation; said delay being caused by plaintiff's fault, and by their failure to execute their contract.

The measure of damages for the inexecution of contracts, as we have seen, by Article 1928, of the Louisiana Code, is the amount of loss sustained by the obligee, and profit of which, he has been deprived, subject to the modification, that when there is no bad faith or fraud, the obligor is liable only for damages that may reasonably be supposed to have been contemplated by the parties at the time of the contract.

The rule, with its modification, is taken verbatim from the Code Napoleon, Articles 1149 and 1150. And those Articles of the French Code in turn were borrowed from Pothier on obligations, No. 159 and 160. It must not be supposed, however, that Pothier was the author of the rule. He tells us, himself, that it is as old as the Roman law, and gives us the text of the Pandects in which it was expressed. It is known to American jurists by the name of consequential damages; and those are distinguished into proximate and remote. Mr. *Sedgwick*, in the third chapter of his Treatise on the Measure of Damages, has collected authorities on this subject from many different quarters. From his researches it appears that the doctrine of the Civil and Common law is not materially different. In the case of *Armstrong* v. *Percy*, 5th Wendall, the language of the Supreme Court, of New York, was as follows: " Consequential damages may naturally arise from the mere breach of a contract, but they often depend on the peculiar circumstances of the case. Such are allowed without being stated in the pleadings, as are the fair, legal and natural result of the breach of the defendant's agreement. If they do not thus result, the jury cannot allow them, unless they are stated in the declaration, and established by proofs." And in Greenleaf, on Evidence, vol. 2, p. 210, it is said: " The damage to be recovered must always be the natural and proximate consequence of the act complained of."

It seems to us that the loss of the defendant's crop, and the extra wages of hands, hired by him, were, in the language of these authors, the natural and proximate results of the failure of plaintiffs to comply with their obligation; or, as an authority from the Scottish law, cited by *Sedgwick*, expresses it, a certain resulting damage. Lord Kain's Principles of Equity, book 1, part 1, chapter 1, § 5.

Our own Reports contain a case where the facts were precisely similar to the present one, with the exception that the sugar mill was not contracted to be put in operation by the manufacturer.

The language of Judge Martin, in delivering the opinion of the Court, was as follows: " In the present case, as no fraud or bad faith is alleged against the defendant, his liability must extend to such items as are to be presumed to have entered into his contemplation at the time of the contract. These are, the price of the mill—expenses of removing it to the appellants' plantation, and of putting it up and taking it down—of attempts to render it available. These are the losses which must have been contemplated as attending the delivery of an insufficient mill. Next, the sugar and molasses, which the appellant failed to make; these are the profits of which he was deprived. *Lobdell* v. *Parker*, 3d L. R. 332.

In that case, the remedy sought and awarded, was the rescission of the contract and damages in addition, for a defective sugar mill. The authority of Pothier was quoted in support of the views of the Court, which appear to be conclusive of the right of the defendant to recover upon the proof adduced by him; and as the point is of great importance to the planting interest of this State, we think it unwise to disturb a precedent of more than twenty years' standing; especially when we find a decision in conformity thereto, made by our immediate predecessors. See case of *Rugeley* v. *Goodloe*, 7th Annual.

It is proper to observe, that doubts have been entertained by some members of the Court, as to the measure of damages; but they have been yielded to the considerations of the repeated decisions with regard to this particular class.

GOODLOE
*v.*
ROGERS.

of contracts, in which the rules as to conventional obligations in general, are to be taken in connection with the provisions of the Code pertinent to the subject matter.

A calculation which we have made of the losses suffered, and of the profits of which the defendant has been deprived, in the present case, based upon the elements laid down in *Lobdell* v. *Parker*, has resulted in a less sum than was allowed by the District Judge.

We also think the plaintiff entitled under his contract to a privilege upon the mill and engine.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended : that the damages of defendant be assessed at the sum of twenty-one hundred and seventy-four dollars ; and that plaintiffs recover of defendant the difference between that sum and the price of the contract sued upon, to-wit : fifteen hundred and twenty-six dollars, with interest at eight per cent. per annum, from the 1st February, 1851, with costs in both Courts, and privilege upon the sugar mill and engine made by plaintiffs for defendant.